ORIGINAL
D & F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
LIBERTY MUTUAL INSURANCE
COMPANY,

                    Plaintiff,

-against-

PALACE CAR SERVICES CORPORATION,
MAYRA DELACRUZ, ELIS AGENCY INC.,
and IRINA GITSIN,

                    Defendants.

------------------------------------------------------x

**MEMORANDUM AND ORDER**
No. 06-CV-4881 (FB)(CLP)

*Appearance:*
*For the Plaintiff:*
Jeffrey R. Krantz
Bennett, Giuliano, McDonnell & Perrone LLP
225 West 34th Street, Suite 402
New York, NY 10122

*For the Defendants:*
Elis Agency Inc. and Irina Gitsin
Jonathan Marks
220 Fifth Avenue, 3rd Floor
New York, NY 10001

**BLOCK, Senior District Judge:**

        Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual"), filed a complaint for breach of contract, negligent misrepresentation, and intentional misrepresentation against defendants Palace Car Services Corporation ("Palace Car"), Mayra Delacruz ("Delacruz"), Elis Agency Inc., and Irina Gitsin. As defendants Palace Car and Delacruz have failed to respond to the complaint or otherwise defend against the action, *see* Docket Entries following # 11 (Clerk's Notations of Default dated May 29, 2007), defendants moved for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

1

By Order to Show Cause, dated July 18, 2007, the Court *sua sponte* raised the issue of subject matter jurisdiction, requiring Liberty Mutual to demonstrate that the amount in controversy satisfied the jurisdictional prerequisite of $75,000. *See* Docket No. 19 (Order to Show Cause), at 3. On August 1, 2007, Liberty Mutual presented an affidavit attesting to the fact that the amount in controversy exceeds $301,236.00; the Court, therefore, turns to whether Liberty Mutual's allegations are sufficient to state claims upon which relief may be granted.

I.

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

II.

Because this is a diversity case, New York substantive law governs, *see Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.");

2

therefore, the Court will address whether, under New York law, Liberty Mutual has stated a claim for breach of contract, negligent misrepresentation, and intentional misrepresentation.

## A. Breach of Contract

To state a breach of contract claim under New York law a plaintiff must allege: (1) the existence of a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages. *See Terwillinger v. Terwillinger*, 206 F.3d 240, 245-46 (2d Cir. 2000). Corporate officers are not liable for breaches of contract unless the corporate veil is pierced. *See Cohen v. Koenig*, 25 F.3d 1168, 1173 (2d Cir. 1994). New York law requires the party seeking to pierce a corporate veil to make a two-part showing: (i) that the owner exercised complete domination over the corporation with respect to the transaction at issue; and (ii) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil. *Morris v. New York State Dep't of Taxation & Fin.*, 82 N.Y. 2d 135, 141 (1993) (citing cases).

Liberty Mutual asserts: (1) it issued an insurance policy to Palace Car; (2) it has "complied with each of the duties that it owed to Palace Car under the . . . policy," *id.* ¶ 43; (3) Palace Car "has refused to pay Liberty Mutual . . . premiums that it owes" under the policy, *id.* ¶ 41; and (4) "[b]y reason of this breach, Liberty Mutual has been caused to sustain damages . . . in a sum exceeding the jurisdictional requirements of this Court. . ." *Id.* ¶ 44. Additionally, Liberty Mutual alleges that Delacruz "is an individual who at all relevant times . . . was the owner and president of Palace Car." *Id.* ¶ 5.

These allegations – which are now deemed admitted – are sufficient to state

3

a claim for breach of contract under New York law against Palace Car, *see Terwillinger*, 206 F.3d at 245-46; they are insufficient, however, to hold Delacruz, president of Palace Car, personally liable for that breach as Liberty Mutual has not specifically alleged that Delacruz, through his domination over Palace Car, exercised domination over the corporation, misused the corporate form for his personal ends so as to commit a fraud. *See Morris*, 82 N.Y. 2d at 143; *See Value Time, Inc. v. Windsor Toys, Inc.*, 709 F. Supp. 436, 438 (S.D.N.Y. 1989) (corporate officer could not be held liable for the corporation's alleged breach of contract where he was acting in his official capacity as an officer).

## B. Intentional and Negligent Misrepresentation

To state a claim for intentional misrepresentation (or fraud) under New York law, the plaintiff must establish that: "(1) the defendant made a material false representation; (2) the defendant intended to defraud the plaintiff thereby; (3) the plaintiff reasonably relied upon the representation; and (4) the plaintiff suffered damage as a result of such reliance." *See Independent Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 940 (2d Cir. 1998) (applying New York law).

A negligent misrepresentation is actionable under New York law where the defendant has been careless "in imparting words upon which others were expected to rely and upon which they did or failed to act to their damage." *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 583 (2d Cir. 2005). "A negligent representation must be made "for the very purpose of inducing action," and the action may not be merely "an indirect or collateral consequence thereof." *Id.* (citing *Prudential Insurance Co. v. Dewey Ballantine, Bushby, Palmer & Wood*, 80 N.Y.2d 377 (1992) (citation omitted).

4

Both types of claims must be pled "with particularity" pursuant to Federal Rule of Civil Procedure 9(b). *See, Aetna Cas.*, 404 F.3d at 583 (negligent misrepresentation); *Felfe v. CIBA Vision Corp.*, 2004 WL 551200, at *2 (S.D.N.Y. Mar. 19, 2004) (intentional misrepresentation). The Second Circuit has interpreted Rule 9(b) "to require that plaintiffs (1) identify the specific statements alleged to be fraudulent, (2) identify the speaker, (3) plead where and when the statements were made, and (4) explain why the statements were fraudulent." *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (internal quotation marks and citation omitted). Further, under New York law, corporate officers are personally liable for their tortious acts, including intentional and negligent misrepresentation. *See Cohen v. Koenig*, 25 F.3d 1168, 1173 (2d Cir. 1994) ("[o]fficers and directors of a corporation may be held liable for fraud..."); *Model Imperial Supply Co., Inc. v. Westwind Cosmetics, Inc.*, 808 F. Supp. 943, 946 (E.D.N.Y. 1992)(same for negligent misrepresentation).

Liberty Mutual alleges that: (1) their initial premiums were estimated premiums "[b]ased solely upon the information contained in the application[s] submitted," Compl. ¶ 46; (2) "the applications contained acknowledgments" by Palace Car and Delacruz "that they were familiar with and subject to all of the rules of the Plan," *id.* ¶ 47; and (3) and "that the information provided . . . was true and accurate, *id.* ¶ 48. "The application represented that Palace Car had twenty-six vehicles operating an airport limousine service out of Shrub Oak, New York," *id.* ¶19, and "that previous automobile insurance coverage was not applicable and did not provide information of any prior claims on vehicles owned and operated by Palace Car." *Id.* ¶ 21. According to Liberty Mutual, this

5

information was false:

   a.   Palace Car was actually located and found to be based in the Bronx, NY;

   b.   The transportation operations of Palace car did not consist of an airport limousine in Shrub Oak, NY, but of a for-hire transportation company operating in the New York metropolitan area;

   c.   Accidents occurring in the New York City area involving the insured's vehicles were being reported to Liberty Mutual.

Liberty Mutual claims that Palace Car and Delacruz (1) made these misrepresentations "knowing them to be false ... with the intent to induce Liberty Mutual to issue the insurance policy at a substantially lower rate," *id.* ¶ 55-56; (2) "negligently" made these misrepresentations," *id.* ¶ 49; (3) that these misrepresentations "induce[d] Liberty Mutual to issue the insurance policy at a substantially lower rate then would have been charged" if defendants had provided accurate information, *id.* ¶ 56; (4) Liberty Mutual "was justified" in relying on the misrepresentations, *id.* ¶¶ 51, 57; (5) Palace Car and Delacruz "knew, or should have known, that Liberty Mutual would rely upon [them]," *id.* ¶ 50; and (6) "Liberty Mutual has suffered damages in the form of underpayment of insurance premiums..." *Id.* ¶¶ 52, 59.

These allegations are presented with sufficient particularity to establish claims of intentional and negligent misrepresentation under Rule 9(b); therefore, Liberty Mutual has stated claims for intentional and negligent misrepresentation against Palace Car. Because corporate officers are liable for the commissioner of these torts, Delacruz is personally liable for their commission as well. *See, Cohen*, 25 F.3d at 1173 (intentional misrepresentation); *Model Imperial Supply*, 808 F. Supp. at 946 (negligent misrepresentation).

6

### III.

The Clerk of Court is directed to enter a default judgment on the docket against Palace Car and Delacruz for intentional and negligent misrepresentation; a default judgement for breach of contract should also be entered against Palace Car. The matter is referred to the assigned Magistrate Judge for a report and recommendation ("R&R") as to the relief that should be awarded to Liberty Mutual. Upon issuance of the magistrate judge's R&R, plaintiff is directed to serve Palace Car and Delacruz with a copy of the R&R by regular mail within 10 days, and to file proof of service with the Court.

**SO ORDERED.**

/signed/

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, NY
August 6, 2007